Theresa R. RIPLEY, Appellant,

v.

STATE of Missouri ex rel., STATE OF NEW YORK, Assignee, and Lloyd Brown, Jr., Respondents.

No. 19958.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 23, 1995.

James E. Baldwin, Donnelly, Baldwin & Wilhite, P.C., Lebanon, for appellant.

Catherine J. Nelson, Mo. Dept. of Social Services, Jefferson City, for respondents.

PER CURIAM.

The Director of the Division of Child Support Enforcement entered an order requiring Appellant to pay $151.00 per month in child support and to provide health insurance for the children "on any health insurance policy available to [Appellant] on a group basis, or through her employer or union." Appellant sought judicial review of that decision. The circuit court affirmed.

On appeal, Appellant presents three points relied on. She contends that the order was unsupported by competent and substantial evidence, as there was no basis to impute income to her; it was improper to enter an order regarding insurance, as "there was no evidence in the record whatsoever of the existence of any health insurance plan or policy available to Appellant"; and the "order was made upon unlawful procedure" because it was not filed within thirty days of the hearing as required by § 454.475.3 RSMo 1994, and she was not immediately notified of the decision, as required by § 536.090 RSMo 1994.

 There is sufficient evidence to impute income to Appellant. There was no showing that she was unemployable and in the past had been employed as a waitress, a hotel maid, and an assembly worker. She contended that she was required to stay home with her husband, but there was evidence that he can drive a vehicle and feed and care for himself. The court may, in proper circumstances, impute income according to what the parent could have earned. *See In re Marriage of Garrison,* 846 S.W.2d 771, 775–776 (Mo.App.1993).

 The order as to insurance coverage was authorized by § 454.603.1 RSMo 1994. Neither in the relevant statutes nor in any authority cited to us does the delay in making the order or notifying appellant of it require that it is invalid. Nor has any prejudice been shown regarding the delay. The order is supported by competent and substantial evidence on the whole record; no error of law appears, and any further opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

All concur.